**Steve D. Larson,** OSB No. 863540
Email: slarson@stollberne.com
**Jennifer S. Wagner,** OSB No. 024470
Email: jwagner@stollberne.com
STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 SW Oak Street, Suite 500
Portland, Oregon 97204
Telephone: (503) 227-1600

*Attorneys for Plaintiffs*

**Steven T. Lovett**, OSB No. 910701
Email: steve.lovett@stoel.com
**Rachel C. Lee**, OSB No. 102944
Email: rachel.lee@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
Telephone: (503) 224-3380

*Attorneys for Intel Corporation*

[Additional Counsel Listed on Signature Page]

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| IN RE: INTEL CORP. CPU MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to ALL ACTIONS | Case No. 3:18-md-02828-SI<br><br>**JOINT DISCOVERY REPORT** |

Pursuant to Pretrial Order No. 10 [Dkt. 226], the Parties submit this Joint Status Report summarizing the current state of discovery, the steps the Parties believe should be taken next, and the Parties' areas of agreement and disagreement.

Page 1 - **JOINT DISCOVERY REPORT**

**STATUS REPORT**

1.  **STATUS OF PRIOR DISCOVERY AND PRETRIAL ORDERS.**

    **Plaintiffs' statement:** The Court held its initial conference on June 15, 2018 and advised the Parties, among other things, that they should prioritize discovery concerning:

    > [W]hat, if anything, did Intel know before June 2017 about the vulnerabilities that came to known as Meltdown and Spectre, and when did they know about it? . . . [and] what are the strengths and weaknesses of the mitigation devices, patches and the like, that we know about so far?

    At the October 4, 2018 conference, the Court stated:

    > And just to share with you my thoughts a little bit further about the focus of discovery that I had intended when we talked about this a few months ago, was that I think that the most important thing to start discovery sooner rather than later is the nature of the alleged vulnerability or vulnerabilities, how long Intel has known about those alleged vulnerabilities, and the nature and effect of any cures, patches, whether in whole or in part, to those alleged vulnerabilities.

    To that end, on October 3, 2018, Plaintiffs served their First Request for Production of Documents ("RFPS") on Intel. Plaintiffs separated their Requests into Group I RFPs (directed to technical information related to the defect, Intel's knowledge of the defect, efforts to mitigate the defect, and the performance impact of such attempts, together with documents reflecting communications and discussions thereof) and Group II RFPs (generally directed to sales, marketing, pricing, and other issues). On November 9, 2018, Intel served its Responses to Plaintiffs' RFPs as to Group I only. At the time, Intel advised Plaintiffs that it will not submit written responses and objections to Plaintiffs' Group II RFPs until after the Court enters its decision on Intel's Rule 12(b)(6) motion.

    On November 16, 2018, Intel served its First RFPs on Plaintiffs.

    To facilitate discovery in this MDL, the Court has entered Pretrial Order No. 4 (Order

Establishing Protocol for Document Collection and Production) and Pretrial Order No. 5 (Protective Order and Order Pursuant to Fed. R. Evid. 502) on October 18, 2018 [Dkts. 134-135].

Pursuant to the Court's guidance at the September 6, 2018 conference that "TAR [technology-assisted review] is a much better way to do document searches, especially with things like email searches, rather than the old keyword searching," the Parties engaged in meet and confers regarding the use of TAR to identify potentially responsive documents and ESI among the various non-segregated custodial and non-custodial files. In October and November 2018, the Parties, together with their technical litigation consultants, conducted a meet and confer regarding various aspects of a proposed TAR protocol. At that time, Intel had agreed to using TAR for the 38 custodians disclosed to date (and possibly several others undisclosed or unknown).

At the December 6, 2018 conference, at Intel's request, the Court had directed an informal stay of party and non-party discovery until the Court resolved Intel's Rule 12(b)(6) motion. The Court directed the Parties to meet and confer and exchange information concerning Intel's custodians who possess relevant information, custodial and non-custodial data sources, and the nature and scope of ESI. On December 16, 2018, Plaintiffs served information requests, and Intel served initial responses on January 20, 2019. The Parties had several follow up communications related to Intel's disclosures.

The Parties have yet to exchange initial disclosures pursuant to Rule 26(a)(1) and cannot reach agreement on the date for exchange of disclosures.

At present, no documents or things have been produced.

**Intel's statement:** Intel generally agrees with Plaintiffs' description of the discovery activity that occurred during the second half of 2018, including before Plaintiffs filed their first consolidated complaint and then until the Court stayed discovery in December 2018. Intel notes

that, consistent with the Court's directive regarding the sequencing of discovery (as Plaintiffs describe briefly above), Intel responded to Group I of Plaintiffs' first RFPs, with Group II held in abeyance; Intel mentions this to ensure that Plaintiffs' description above yields no misunderstanding regarding Intel's extensive engagement in discovery discussions in 2018. Given Plaintiffs' statement below that they intend to withdraw those prior RFPs, however, the discussion of the 2018 RFPs appears to be irrelevant.

2. **PARTY AND NON-PARTY DISCOVERY.**

**Plaintiffs' position**: Plaintiffs believe that fact discovery should commence immediately. With the Rule 12(b)(6) motion resolved [*see* Dkt. 225], both party and non-party discovery should now proceed, and Intel should begin training the TAR tool, reviewing documents, and produce those documents which Intel agrees are relevant and responsive on a rolling basis upon serving its responses to Plaintiffs' RFPs (which Plaintiffs intend to serve within 14 days).

During the Parties' February 8, 2022 meet and confer call, Intel informed Plaintiffs that it believes discovery should not go forward given its plans to seek reconsideration of the Court's recent order [Dkt. 225] and a certification motion for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Intel did not identify any grounds for such motions with Plaintiffs in advance of the preparation of this report.

Over the last three years, the Court has considered three extensive motions to dismiss. Each motion to dismiss involved briefs totaling approximately 150 pages of written argument and hours of oral argument. Each party also submitted supplemental authority with additional argument. There are simply no grounds for reconsideration as there are no new facts, clear error or manifest injustice, or an intervening change in the law. Further, to obtain review under Section 1292(b), this Court must certify that the order on the motion to dismiss involves "a controlling question of

Page 4 - **JOINT DISCOVERY REPORT**

law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Microsoft Corp. v. Baker,* 137 S. Ct. 1702, 1708 (2017). Such requirements cannot be met here. Simply put, there is no reason for a stay of discovery. A stay will only prejudice Plaintiffs and provide Intel a clear advantage. *Blue Cross and Blue Shield of Ala. v. Unity Outpatient Surgery Ctr., Inc.*, 490 F.3d 718, 724 (9th Cir. 2007) ("Delay inherently increases the risk that witnesses' memories will fade and evidence will become stale.") (citation and quotation marks omitted).

Accordingly, as set forth in the below proposed schedule, Plaintiffs believe an exchange of information required by Rule 26(a)(1) is necessary at this time and that the Court should order the exchange of initial disclosures to efficiently facilitate discovery and discovery planning. Plaintiffs believe that thirty (30) days is more than enough time to exchange initial disclosures and Intel has provided no valid reason for setting the deadline out by 60 days, in light of the substantial work that the Parties should have already undertaken. This case has been pending for over three years and, based on Intel's ongoing investigation, Intel should know the names of individuals and locations of data sources likely to have discoverable information that it may use to support its claims or defenses. While the time period of Plaintiffs' claims have been paired down by the Court [*see* Dkt. 225], Intel's knowledge of the alleged defects, the side channel attacks that exploit the defects, and the performance-killing software patches required to protect against them during the embargo period remain highly relevant. These are the same categories of discovery the Court sought to prioritize in 2018.[1] While Plaintiffs had initially sought documents dating back to Intel's

---

[1] Indeed, as Intel explained in its November 20, 2018 discovery letter, Intel had identified (and already collected documents for) 38 custodians broken down "into three groups (with some overlap): (1) CPU architects who would have knowledge of security issues considered in designing the CPU microarchitectures at-issue; (2) Intel engineers who worked on research and development

implementation of the defective design, Intel had objected to such discovery and limited identification and collections efforts to 2017 forward. Of course, there will be additional discovery sought by Plaintiffs such as documents and communications regarding the known defective products Intel launched to market post-June 2017—but Intel should not need to start its investigation over, as it suggests, as there should be substantial overlap with the work Intel has been completed to date. While there should be little burden to requiring the Parties to exchange initial disclosures within thirty (30) days, Plaintiffs have agreed to exchange initial disclosures in sixty (60) days so that the Parties can focus their efforts on negotiating and finalizing the TAR protocol immediately, as discussed below.

Plaintiffs believe their prior set of RFPs remain relevant and are targeted to identify responsive documents concerning the claims that the Court sustained. During the Parties' meet and confer call, however, Intel raised concerns about the narrowed case and the scope of the prior RFPs and took the position that new discovery should be served. While Plaintiffs believe that Intel's knowledge of the exploits and its CPUs' susceptibility to the same will remain a central issue in discovery going forward (which was the focus of Plaintiffs' prior RFPs), Plaintiffs agree to withdraw their prior RFPs and serve new discovery to eliminate Intel's potential objection which could be used to further delay discovery in this case. Plaintiffs will serve new RFPs within fourteen (14) days, and Intel will have thirty (30) days to serve responses to the RFPs.

Plaintiffs also believe that it is essential to promptly resolve any outstanding issues related to TAR to ensure that custodial productions commence as soon as possible. There is no legitimate

---

related to side channels; and (3) persons who played significant roles in the team that managed Intel's response to the discovery of Spectre and Meltdown from June 2017 forward." Dkt. No. 145.

reason to delay TAR review and production any further. Intel can educate the TAR tool using the responsive documents not in dispute and continue to educate the tool as objections are resolved as to the scope of permissible discovery. This continuous learning will not impact validation. Plaintiffs propose that the Parties meet and confer on a TAR protocol and submit an agreed upon TAR protocol or, in the event that there are disagreements, simultaneous letters addressing the disputes in thirty (30) days. A protracted meet and confer process will only further delay Intel's production of documents to Plaintiffs.

To the extent Intel's disclosures and responses to Plaintiffs' December 16, 2018 information requests concerning Intel's custodians and data sources remain incomplete and must be updated to reflect the claims the Court sustained, Plaintiffs propose that Intel serve complete disclosures within thirty (30) days. Intel's investigation has been ongoing now for over three years and as to the operative Second Amended Complaint for well over six months. There is no reason why Intel cannot update and complete these disclosures within this time frame.

**Intel's position**: The Court's January 26 Order "dismisse[d] with prejudice all claims based on Intel's alleged conduct occurring *before* September 1, 2017," and declined to dismiss claims "for alleged conduct by Intel occurring on or after" that date. The resulting change in the theory of potential liability, from a case turning on whether Intel knew of alleged undisclosed *defects* in its processors dating back to 2006 to a case limited to Intel's conduct starting 90 days after Intel learned about newly-discovered *vulnerabilities* from Google Project Zero, implicates multiple issues not previously presented for the Court's consideration. Intel believes that the Court should consider those issues. Intel will meet and confer appropriately with Plaintiffs in advance of filing its anticipated motion on February 23, and expects that its motion will be available for the Court's review in conjunction with an upcoming conference.

Should the Court be inclined to order discovery to begin notwithstanding Intel's forthcoming motion, Intel responds as follows to Plaintiffs' section above: First, contrary to Plaintiffs' characterization, Intel cannot simply pick up where discovery left off in 2018. Plaintiffs' original discovery requests were largely directed to Intel's conduct dating back to 2006 (or earlier). Now that the Court has dismissed all claims relating to Intel's conduct before September 1, 2017, the scope of discovery will be substantially different (as Plaintiffs appear to acknowledge).

Second, while Intel has re-opened its factual investigation after the Court's January 26 Order, and is working diligently to bring the investigation current, it cannot realistically exchange initial disclosures in 30 days. Plaintiffs describe at length aspects of Intel's investigative activity in 2018 to argue that 30 days should suffice for Intel to prepare its initial disclosures, before agreeing that 60 days is appropriate. As discussed above, the nature of the case has changed considerably, such that some aspects of Intel's prior investigation remain relevant and others do not. Moreover, Intel will need to prepare its response to Plaintiffs' 1,699 paragraph complaint, due March 28, 2022, at the same time as the initial disclosures. As such, should the Court order the exchange of initial disclosures, Intel respectfully requests 60 days to prepare them, as the Parties have agreed. Intel disagrees with Plaintiffs' request above to set a date certain for further information relating to Plaintiffs' December 16, 2018 "information requests," which in Intel's view were unreasonably burdensome. Should the Court commence discovery, Intel will engage constructively and cooperatively with Plaintiffs on the information exchange needed to facilitate discovery.

Third, in view of Plaintiffs' withdrawal of their earlier RFPs and their intention to serve new RFPs, it is plainly unreasonable to expect Intel to begin reviewing and producing documents even before RFPs are served and responded to.

Finally, with respect to TAR, Intel remains interested in using TAR as a means to reduce the costs and burdens of discovery, subject to the negotiation of a reasonable protocol governing TAR parameters. Should the Court order discovery to commence, Intel is prepared to re-engage with Plaintiffs on that subject promptly (as well as other subjects, such as a protocol for the inspection of Plaintiffs' devices), in tandem with discussion regarding the scope of discovery.

3. **ANTICIPATED MOTIONS.**

There are no pending motions. On February 23, Intel plans to file a motion for reconsideration and/or Section 1292(b) certification for interlocutory appeal of the Court's order on the motion to dismiss [Dkt. 225].

The deadline for Intel to respond to Plaintiffs' Second Amended Complaint has been extended by agreement to March 28, 2022 [Dkt. 227].

4. **PROPOSED SCHEDULE.**

**Plaintiffs' position**:

Plaintiffs believe that the next phase of this case should focus on fact discovery and class certification. To this end, Plaintiffs' proposed schedule addresses only fact discovery and class certification. The balance of the schedule can be address after class certification, when the scope and shape of the case will be known.

| Event | Date |
|---|---|
| Deadline for the Parties to file simultaneous letters outlining Parties' positions and disagreement(s) on their proposed TAR Protocol. | **March 18, 2022** |

Page 9 - **JOINT DISCOVERY REPORT**

| Event | Date |
|---|---|
| Exchange of Rule 26(a)(1) initial disclosures. | **April 18, 2022** |
| Deadline for the Parties to substantially complete their productions of non-privileged, responsive documents | **November 18, 2022** |
| Plaintiffs serve their motion for class certification and serve any expert reports in support of class certification. | **April 14, 2023** |
| Intel serves its brief(s) in opposition to Plaintiffs' motion for class certification, serve its motion(s) challenging Plaintiffs' class certification experts, and serve any expert reports in opposition to class certification.<br><br>Plaintiffs shall make any expert(s) available for deposition no later than 30 days after service of the motion for class certification, unless Intel agrees to a later date. | **July 14, 2023** |
| Plaintiffs serve a reply brief in support of their motion for class certification, serve their motion(s) challenging Intel's class certification experts, and serve any rebuttal expert reports in support of class certification.<br><br>Intel shall make any expert(s) available for deposition no later than 10 days after service of their Opposition to Plaintiffs' motion for class certification, unless Plaintiffs agree to a later date. | **September 14, 2023** |
| The Parties shall file with the Court all papers in support of and in response to the Plaintiffs' motion for class certification, including any Reply. | **September 14, 2023** |
| Class certification hearing. | **To be set by the Court for a mutually agreed date** |
| Close of Fact Discovery. | **Sixty (60) days after the Court's issues its decision on Plaintiffs' motion for class certification** |

**Intel's position**: As discussed above, Intel respectfully requests that the Court first evaluate Intel's motion for reconsideration and/or certification before ordering the parties to commence discovery. If discovery does commence, Intel agrees with Plaintiffs' proposal to focus on fact discovery and class certification, but disagrees that a fixed deadline should be set for negotiation of a TAR protocol *before* Plaintiffs' RFPs have been served and responded to. The parties should negotiate TAR parameters in tandem with their assessment of the appropriate scope of discovery, and not in a vacuum.

| Event | Date |
|---|---|
| Exchange of Rule 26(a)(1) initial disclosures. | 60 days following the Court's Order on Intel's motion for reconsideration |
| Service of Plaintiffs' motion for class certification and any supporting expert reports. Any such experts shall be made available for deposition no later than 30 days after service of Plaintiffs' motion. | 12 months following the Court's Order on Intel's motion for reconsideration |
| Service of Intel's opposition to class certification and any supporting expert reports; Intel's motion(s) challenging Plaintiffs' class certification experts. Any such experts shall be made available for deposition no later than 21 days after service of Intel's opposition. | 4 months after the service of Plaintiffs' motion |
| Service of Plaintiffs' reply in support of class certification and any rebuttal reports; Plaintiffs' motion(s) challenging Intel's class certification experts. | 2 months after the service of Intel's opposition |
| The Parties shall file with the Court all papers in support of and in response to the Plaintiffs' motion for class certification, including any Reply. | Contemporaneously with the service of Plaintiffs' reply |
| Class certification hearing. | To be set by the Court for a mutually agreed date |
| Completion of fact discovery | 2 months following the Court's Order on class certification |

\*\*\*

The Parties thank the Court for its consideration.

DATED: February 18, 2022

SUBMITTED BY:

STOLL STOLL BERNE LOKTING
  & SHLACHTER P.C.

By: s/ Steve D. Larson
    Steve D. Larson, OSB No. 863540
    Jennifer S. Wagner, OSB No. 024470

209 SW Oak Street, Suite 500
Portland, OR 97204
Telephone: (503) 227-1600
Email: slarson@stollberne.com
      jwagner@stollberne.com

STOEL RIVES LLP

By: s/ Rachel C. Lee
    Steven T. Lovett, OSB No. 910701
    Rachel C. Lee, OSB No. 102944

760 SW Ninth Avenue, Suite 300
Portland, OR 97205
Telephone: (503) 224-3380
Email: steve.lovett@stoel.com
      rachel.lee@stoel.com

*Interim Plaintiffs' Liaison Counsel*

Christopher A. Seeger (*pro hac vice*)
SEEGER WEISS LLP
55 Challenger Road
Ridgefield Park, NJ 07660
Telephone: (212) 584-0700
Email: cseeger@seegerweiss.com

Rosemary M. Rivas (*pro hac vice*)
GIBBS LAW GROUP LLP
505 14th Street, Suite 1110
Oakland, CA 94612
Telephone: (510) 350-9700
rmr@classlawgroup.com

*Interim Co-Lead Plaintiffs' Counsel*

Gayle M. Blatt (*pro hac vice*)
CASEY GERRY SCHENK FRANCAVILLA BLATT & PENFIELD LLP
110 Laurel Street
San Diego, CA 92101
Telephone: (619) 238-1811
Email: gmb@cglaw.com

Stuart A. Davidson (*pro hac vice*)
ROBBINS GELLER RUDMAN & DOWD LLP
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: (561) 750-3000
Email: sdavidson@rgrdlaw.com

Melissa R. Emert (*pro hac vice*)
STULL, STULL, & BRODY
6 East 45th Street
New York City, NY 10017
Telephone: (212) 687-7230
Email: memert@ssbny.com

Richard M. Hagstrom (*pro hac vice*)
HELLMUTH & JOHNSON PLLC
8050 West 78th Street
Edina, MN 55439
Telephone: (952) 941-4005
Email: rhagstrom@hjlawfirm.com

Jennifer L. Joost (*pro hac vice*)
KESSLER TOPAZ MELTZER & CHECK LLP
One Sansome Street, Suite 1850
San Francisco, CA 94104

Daniel F. Katz (*pro hac vice*)
David S. Kurtzer-Ellenbogen (*pro hac vice*)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, NW
Washington, DC 20005
Telephone: (202) 434-5000
Email: dkatz@wc.com
         dkurtzer@wc.com

*Attorneys for Defendant*

Telephone: (415) 400-3000
Email: jjoost@ktmc.com

Adam J. Levitt (*pro hac vice*)
DICELLO LEVITT & CASEY LLC
Ten North Dearborn Street, Eleventh Floor
Chicago, IL 60602
Telephone: (312) 214-7900
Email: alevitt@dlcfirm.com

Charles E. Schaffer (*pro hac vice*)
LEVIN SEDRAN & BERMAN LLP
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Telephone: (215) 592-1500
Email: cschaffer@lfsblaw.com

*Interim Plaintiffs' Steering Committee*