Case 3:18-md-02828-SI    Document 258    Filed 05/20/22    Page 1 of 8

Steven T. Lovett, OSB No. 910701
steve.lovett@stoel.com
Rachel C. Lee, OSB No. 102944
rachel.lee@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR  97205
Telephone:  503.224.3380
Facsimile:   503.220.2480

Daniel F. Katz (*pro hac vice*)
dkatz@wc.com
David S. Kurtzer-Ellenbogen (*pro hac vice*)
dkurtzer@wc.com
WILLIAMS & CONNOLLY LLP
680 Maine Ave. SW
Washington, DC 20024
Telephone:  202.434.5000
Facsimile:   202.434.5029

Attorneys for Defendant Intel Corporation

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| In re INTEL CORP. CPU MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No.: 3:18-md-2828-SI |
| This Document Relates to All Actions | NOTICE OF SUPPLEMENTAL AUTHORITY |

Defendant Intel Corporation ("Intel") respectfully submits, as supplemental authority for the Court to consider in evaluating Intel's motion for reconsideration, or, in the alternative, motion to certify pursuant to 28 U.S.C. § 1292(b) (the "Motion"), the attached unpublished decision from the United States Court of Appeals for the Ninth Circuit, entered on May 19, 2022 in *Taleshpour v. Apple, Inc.*, Case No. 21-16282 (9th Cir.), affirming *Taleshpour v. Apple, Inc.*, 549 F. Supp. 3d 1033 (N.D. Cal. 2021), which is cited in Intel's Motion at page 14.

DATED: May 20, 2022

Respectfully submitted,

STOEL RIVES LLP

*/s/ Steven T. Lovett*
Steven T. Lovett, OSB No. 910701
steve.lovett@stoel.com
Rachel C. Lee, OSB No. 102944
rachel.lee@stoel.com
Telephone: 503.224.3380

WILLIAMS & CONNOLLY LLP

Daniel F. Katz (*pro hac vice*)
dkatz@wc.com
David S. Kurtzer-Ellenbogen (*pro hac vice*)
dkurtzer@wc.com
Telephone: 202.434.5000

Attorneys for Defendant Intel Corporation

Page 1 – NOTICE OF SUPPLEMENTAL AUTHORITY

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 19 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MAHAN TALESHPOUR, *et al.*, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> APPLE, INC., <br><br> Defendant-Appellee. | No.   21-16282 <br><br> D.C. No. 5:20-cv-03122-EJD <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Argued and Submitted May 10, 2022
San Francisco, California

Before: O'SCANNLAIN and BUMATAY, Circuit Judges, and BAKER,** International Trade Judge.

Plaintiffs appeal from the district court's dismissal of their putative class action asserting statutory and common law claims against Apple under the laws of California and other states based on an alleged defect that, sometime after the

---

\*   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*   The Honorable M. Miller Baker, Judge for the United States Court of International Trade, sitting by designation.

warranty expires, causes MacBook Pro laptops' built-in displays to malfunction and eventually stop working altogether.

    1. The California Consumer Legal Remedies Act (CLRA) "proscribes particular unfair methods of competition and unfair or deceptive acts or practices in transactions for the sale or lease of goods or services to consumers." *Rutledge v. Hewlett-Packard Co.*, 190 Cal. Rptr. 3d 411, 418 (Ct. App. 2015) (cleaned up). As relevant here, the unlawful acts the statute prohibits include "[r]epresenting that goods . . . have . . . characteristics . . . that they do not have," Cal. Civ. Code § 1770(a)(5), "[r]epresenting that goods . . . are of a particular standard, quality, or grade . . . if they are of another," *id.* § 1770(a)(7), and "[a]dvertising goods or services with intent not to sell them as advertised," *id.* § 1770(a)(9).

    In *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136 (9th Cir. 2012), we held that a plaintiff asserting a claim of fraud by omission relating to a defect that manifests after the applicable warranty has expired must allege either physical injury or a "safety concern" posed by the defect. *Id.* at 1141–42 (discussing *Daugherty v. Am. Honda Motor Co.*, 51 Cal. Rptr. 3d 118, 127 (Ct. App. 2006)). "California federal courts have generally interpreted *Daugherty* as holding that a manufacturer's duty to consumers is limited to its warranty obligations absent either an affirmative misrepresentation or a safety issue." *Id.* at 1141 (cleaned up) (citing district court cases).

2

Plaintiffs ask us to revisit *Wilson*,[1] arguing that its "safety hazard" holding is no longer good law in view of *Hodsdon v. Mars, Inc.*, 891 F.3d 857 (9th Cir. 2018). Plaintiffs' reliance on *Hodsdon* fails for two reasons. First, "a three-judge panel may not overrule a prior decision of the court" unless that prior decision is effectively overruled by a state or federal court "of last resort." *Miller v. Gammie*, 335 F.3d 889, 899–900 (9th Cir. 2003) (en banc). "We are not free to read California law without deferring to our own precedent on how to construe it." *Int'l Bus. Machs. Corp. v. Bajorek*, 191 F.3d 1033, 1041 (9th Cir. 1999). Thus, *Wilson* is binding on us, regardless of how we may read *Hodsdon*. Second, *Hodsdon* is distinguishable—it involved candy bar wrappers, rather than a product defect or a warranty issue, and the court expressly declined to address circuit precedent on the duty to disclose because it was unnecessary to do so. 891 F.3d at 860. Thus, Plaintiffs' reliance on *Hodsdon* is unavailing even without regard to *Wilson*.

The district court here specifically relied on *Wilson* to conclude that a manufacturer's duty to disclose is limited to its warranty obligations unless the manufacturer makes an affirmative representation or the defect relates to a safety issue. Plaintiffs do not challenge the former finding and admit they have not alleged a safety issue. We therefore affirm the district court's dismissal of the CLRA claims.

---

[1] At oral argument, counsel urged us to "tweak" *Wilson*.

2. Plaintiffs' claim that Apple engaged in "fraudulent" business acts under the California Unfair Competition law (UCL), Cal. Bus. & Prof. Code § 17200, fails for similar reasons. "Historically, the term 'fraudulent,' as used in the UCL, has required only a showing that members of the public are likely to be deceived." *Daugherty*, 51 Cal. Rptr. 3d at 128. Significantly, however, "[w]e cannot agree that a failure to disclose a fact one has no affirmative duty to disclose is 'likely to deceive' anyone within the meaning of the UCL." *Id.*; *see also Hodsdon*, 891 F.3d at 865 (quoting that sentence to reject a "fraudulent prong" UCL claim). Because we affirm the district court's finding that Apple had no duty to disclose the alleged defect, we must also affirm its rejection of the "fraudulent" prong UCL claim.

3. For UCL purposes, "[a]n act or practice is unfair if the consumer injury is substantial, is not outweighed by any countervailing benefits to consumers or to competition, and is not an injury the consumers themselves could reasonably have avoided." *Daugherty*, 51 Cal. Rptr. 3d at 129. However, "the failure to disclose a defect that might, or might not, shorten the effective life span of [a part] that functions precisely as warranted throughout the term of its express warranty cannot be characterized as causing a substantial injury to consumers, and accordingly does not constitute an unfair practice under the UCL." *Id.* at 130; *see also Hodsdon*, 891 F.3d at 867 ("Mars' failure to disclose information it had no duty to disclose in the first place is not substantially injurious . . . ."). All of Plaintiffs' allegations refer to

problems experienced well after their laptops' warranties expired, so we affirm the district court's dismissal of Plaintiffs' UCL "unfairness" claim.

 4. "By pr[o]scribing 'any unlawful' business practice, the UCL borrows violations of other laws and treats them as unlawful practices that the UCL makes independently actionable." *Gutierrez v. CarMax Auto Superstores Cal.*, 248 Cal. Rptr. 3d 61, 90 (Ct. App. 2018). Plaintiffs' theory that Apple's conduct was "unlawful" for UCL purposes is premised solely on their theory that Apple violated the CLRA, so we affirm the district court's dismissal of their UCL "unlawful" claim for the reasons stated above.

 5. We affirm the district court's dismissal of Plaintiffs' California common-law fraudulent concealment claim because the parties have treated it as part and parcel of Plaintiffs' CLRA and UCL claims. Moreover, at oral argument, Plaintiffs' counsel conceded that the common law claim rises or falls with the statutory claims because the causes of action are "intertwined."

 6. Finally, we also affirm the district court's dismissal of Plaintiffs' claims under the deceptive trade practice statutes in Washington, Florida, New Jersey, Michigan, Alaska, Missouri, Massachusetts, and Texas. At oral argument, counsel for Plaintiffs conceded that all these claims depend on Apple having a duty to disclose, such that if there is no such duty under California law, these claims similarly

fail. As explained above, we hold that Apple had no duty to disclose the alleged defect at issue here.

**AFFIRMED.**