Steven T. Lovett, OSB No. 910701
steve.lovett@stoel.com
Rachel C. Lee, OSB No. 102944
rachel.lee@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR  97205
Telephone:  503.224.3380
Facsimile:   503.220.2480

Daniel F. Katz (*pro hac vice*)
dkatz@wc.com
David S. Kurtzer-Ellenbogen (*pro hac vice*)
dkurtzer@wc.com
WILLIAMS & CONNOLLY LLP
680 Maine Avenue SW
Washington, DC 20024
Telephone:  202.434.5000
Facsimile:   202.434.5029

Attorneys for Defendant Intel Corporation

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| In re INTEL CORP. CPU MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No.: 3:18-md-2828-SI |
| This Document Relates to All Actions | INTEL'S RESPONSE REGARDING NOTICE OF SUPPLEMENTAL AUTHORITY |

Last week, the Ninth Circuit issued an order in *Taleshpour v. Apple Inc.*, 2022 WL 1577802 (9th Cir. May 19, 2022), affirming the *Taleshpour v. Apple, Inc.*, 549 F. Supp. 3d 1033 (N.D. Cal. 2021) decision cited in Intel's briefing pending before the Court. On May 20, Intel submitted that order, without argument, as supplemental authority relevant to its pending motion for reconsideration or, in the alternative, to certify. ECF 258.[1] In light of Plaintiffs' May 24 response, ECF 259, Intel respectfully submits its own analysis of the application of *Taleshpour* to the motion before the Court.

## ARGUMENT

Plaintiffs' attempt to distinguish the Ninth Circuit's analysis in *Taleshpour* is unpersuasive. Plaintiffs point out that, in rejecting the UCL unfairness claim, the district court in *Taleshpour* found the allegations of misrepresentations implausible. ECF 259 at 2. But the district court also held that the unfairness claim failed for a second, independent reason, because the "[f]ailure to disclose a defect that might shorten the effective life span of a component part to a consumer product does not constitute a 'substantial injury' under the unfair practices prong of the UCL where the product functions as warranted throughout the term of its express warranty." 549 F. Supp. 3d at 1045. In affirming the dismissal of the unfair-prong claim, the Ninth Circuit **relied solely on this second ground**, holding that "[a]ll of Plaintiffs' allegations refer to problems experienced well after their laptops' warranties expired, so we affirm the district court's dismissal of Plaintiffs' UCL 'unfairness' claim." 2022 WL 1577802, at *2 (discussing *Daugherty v. Am. Honda Motor Co.*, 51 Cal. Rptr. 3d 118, 127-29 (Ct. App. 2006)). This holding is applicable here, because Plaintiffs do not allege *any* breach of warranty by Intel.

---

[1] Intel followed this practice in view of the rule in certain districts mandating that such a submission include no advocacy. *See, e.g.*, W.D. Wash. Local Civ. Rule 7(n); N.D. Cal. Local Civ. Rule 7-3(d)(2).

Page 1 – INTEL'S RESPONSE REGARDING NOTICE OF SUPPLEMENTAL AUTHORITY
115676398.1 0029222-00079

As the Ninth Circuit recognized, *Daugherty* instructs that a product-based unfairness claim must be dismissed absent an actionable misrepresentation, physical safety hazard, or breach of warranty. 51 Cal. Rptr. 3d at 130.[2] Plaintiffs here allege none of those things.

Plaintiffs cite no authority whatsoever to support the notion that the *Bardin/Daugherty* rule, embraced by *Taleshpour*, is limited to cases "involv[ing] the manifestation of a defect after the expiration of [a] warranty period." ECF 259 at 3. What matters is that there was no breach of warranty either in *Taleshpour* or here, and in such circumstances, a plaintiff cannot convert her disappointed expectations into recovery for "unfairness" by claiming the existence of a product defect absent a safety hazard or an actionable misrepresentation. In *Taleshpour*, that rule applied because the warranty had expired when the laptop displays stopped working. Here, the same rule applies because Plaintiffs do not allege any breach of warranty **at any time**.

Plaintiffs inexplicably assert that "it cannot be said that Intel's processors 'function[ed] precisely as warranted throughout the term of [their] express warranty.'" ECF 259 at 4 (brackets in original). Plaintiffs are now on their third consolidated complaint. They have **never** alleged in any of those consolidated complaints that Intel's CPUs breached any express warranty. Without such a promise, Plaintiffs are asserting nothing more than a claim of disappointed economic expectations that seeks to obliterate the distinction between product liability and consumer protection law. As *Bardin* stated, "a consumer can be 'fairly charged with the risk that the product will not match his economic expectations unless the manufacturer agrees that it will.'" 39 Cal. Rptr. 3d 634, 644 (Ct. App. 2006) (quoting *Seely v. White Motor Co.*, 403 P.2d 145, 151 (Cal. 1965)). Yet, as noted, Plaintiffs allege no breach of an express warranty here.

---

[2] *Daugherty*, for its part, rested in large part on *Bardin v. DaimlerChrysler Corp.*, 39 Cal. Rptr. 3d 634 (Ct. App. 2006), for this principle.

Page 2 – INTEL'S RESPONSE REGARDING NOTICE OF SUPPLEMENTAL AUTHORITY
115676398.1 0029222-00079

Plaintiffs' additional discussion and citations further confirm that under California law, a product-based UCL unfairness claim requires a breach of warranty, a safety hazard, or an actionable misrepresentation. Every case Plaintiffs cite involved one of these factors. Each of the cases against automobile companies involved alleged safety hazards. *See Peterson v. Mazda Motor of Am., Inc.*, 44 F. Supp. 3d 965, 967, 973 (C.D. Cal. 2014) (unexpected engine failures "posed a safety threat to drivers and passengers"); *Hamm v. Mercedes-Benz USA, LLC*, 2017 WL 4168573, at *2 (N.D. Cal. Sept. 20, 2017) (car that "limp[s] along at relatively slow speeds on a freeway or busy roadway poses a serious safety risk"); *Chamberlan v. Ford Motor Co.*, 2003 WL 25751413, at *1, *4 (N.D. Cal. Aug. 6, 2003) (decided before *Bardin* and *Daugherty* but consistent with them because intake manifold cracking "expos[ed] drivers and their passengers to serious risk of injury"). And in *Garcia v. Sony Computer Entertainment America, LLC*, 859 F. Supp. 2d 1056, 1066 (N.D. Cal. 2012), the court dismissed the UCL unfair-prong claim because the plaintiff identified no actionable misrepresentation. Here, though, Plaintiffs allege no breach of warranty (as noted above) nor any safety hazard, and the Court has dismissed with prejudice all affirmative misrepresentation claims because "Plaintiffs do not allege that they heard any ***actionable*** representation by Intel relating to security, or even performance." Order (ECF 225) at 19-21 (emphasis in original) (noting also that "Plaintiffs previously and expressly disavowed that they were relying on affirmative misrepresentations for their claims based on fraud").

*Taleshpour* confirms that Plaintiffs fail to state a claim under the unfair prong of the UCL because they do not allege any actionable misrepresentation, physical safety hazard, or breach of

Page 3 – INTEL'S RESPONSE REGARDING NOTICE OF SUPPLEMENTAL AUTHORITY
115676398.1 0029222-00079

warranty.  As reinforced by the Ninth Circuit's reasoning in *Taleshpour*, the Court should grant Intel's motion.

DATED:  May 26, 2022

Respectfully submitted,

STOEL RIVES LLP

/s/ Steven T. Lovett
Steven T. Lovett, OSB No. 910701
steve.lovett@stoel.com
Rachel C. Lee, OSB No. 102944
rachel.lee@stoel.com
Telephone:  503.224.3380

WILLIAMS & CONNOLLY LLP

Daniel F. Katz (*pro hac vice*)
dkatz@wc.com
David S. Kurtzer-Ellenbogen (*pro hac vice*)
dkurtzer@wc.com
Telephone: 202.434.5000

Attorneys for Defendant Intel Corporation